UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIO E. ORELLANA,

                Plaintiff,                                    **ORDER**

   -against-                                            09-CV-576 (NGG)(ALC)

WORLD COURIER, INC., MICHAEL
CONNOLLY, KENNY CEDEL, MIKE
SINGH, KROLL, AARON C. POLK Jr.,
and WORKPLACE COMPLIANCE,

                Defendants.
-------------------------------------------------------------------X
**CARTER, United States Magistrate Judge:**

        Plaintiff Mario Orellana brings this *pro se* action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983") against his former employer, World Courier, Inc., as well as various individuals and entities involved in carrying out World Courier's drug and alcohol testing program, including Kroll Background America, Inc. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Kroll has moved to dismiss Plaintiff's claims against Kroll. Plaintiff subsequently moved to voluntarily withdraw his claims brought against Kroll pursuant to Title VII and Section 1981; however, Plaintiff continues to oppose Kroll's motion with regard to his claims brought pursuant to Section 1983. For the reasons set forth below, it is respectfully recommended that Defendant Kroll's Motion to Dismiss be GRANTED.

## BACKGROUND

        This action arises out of Plaintiff's employment with World Courier from 1987 until April, 2007. Orellana St. of Facts ¶ 1.[1] According to the Complaint, Plaintiff was initially

---

1 In addition to his handwritten Complaint, Plaintiff appended a typewritten ancillary complaint ("Ancillary Complaint") and typewritten statement of facts ("Orellana St. of Facts"), along with appended exhibits.

employed as a driver for World Courier, a position he held until 2005. *Id.* After being charged with a DUI on or about February 13, 2005, Plaintiff notified World Courier and was removed from his safety-sensitive driver's position. Instead, he was placed in an in-house position where he worked handling packages until his termination in April 2007. *Id.*

During his employment with World Courier, Plaintiff was required to undergo drug testing on several occasions, including tests on April 22, 2005, September 26, 2006, and April 5, 2007. *Id.* at ¶ 9. When the sample given by Plaintiff on April 5, 2007 tested positive for marijuana, Plaintiff was required to submit to a follow-up drug test on April 30, 2007, "in an effort to negate the 'positive' test result of 4/5/07, and salvage his employ of 20 years." *Id.* at ¶ 11. Again, Plaintiff tested positive for marijuana. *Id.* at ¶ 12. On the basis of these tests results, Plaintiff was terminated in April 2007.

Plaintiff never directly challenges the results of his drug tests. Rather, in his Complaint Plaintiff – a Hispanic man from El Salvador – alleges that he was discriminated against on the basis of his race, gender, and national origin, and required to undergo drug testing more often than other individuals in his position. In essence, Plaintiff alleges that his selection for testing on these and other dates was not random and was, therefore, in violation of his constitutional rights.

On February 11, 2009, Plaintiff initiated the instant action against World Courier and three individual officers and/or supervisors at World Courier. In addition, Plaintiff named as Defendants several entities which were involved in providing occupational drug testing services to World Courier: Kroll, the third party administrator of World Courier's drug testing program; Quest Diagnostics, the entity which transported the specimen bottles and performed the laboratory processing work; and Workplace Compliance, the company responsible for conducting a medical review of the laboratory results.

At a pre-motion conference held before the Hon. Nicholas Garaufis on July 21, 2009, Plaintiff was asked to explain his basis for naming Kroll as a party defendant in this case. *See* Transcript of July 21, 2009 Pre-Motion Conf. ("Tr.") at 6: 19-20. According to Plaintiff, he required records in Kroll's possession in order to prove his case. Tr. 9: 20-21. More specifically, Plaintiff indicated that he needed access to records revealing the randomized pools from which his name was selected and the procedures by which his name was chosen to undergo drug testing. Tr. 8: 1-5. Subsequently, this Court held a series of discovery conferences at which Kroll agreed to provide Plaintiff with all responsive documents in its possession. At a conference held on April 7, 2010, Kroll represented to this Court that it had in fact produced to Plaintiff all responsive documents, along with a written declaration of the same.

In light of the discovery provided by Kroll, Plaintiff agreed to voluntarily dismiss several claims pending against Kroll. By letter dated April 12, 2010, Plaintiff agreed to voluntarily dismiss his Title VII and Section 1981 claims against Kroll. *See* Doc. 57. Consequently, the only remaining issue pending before this Court is Defendant Kroll's Motion to Dismiss Plaintiff's Section 1983 claim against Kroll.

## DISCUSSION

In assessing a complaint under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the light most favorable to the non-moving party. *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In addition, the Court may not consider evidence proffered by the Defendant. Rather, it is limited to reviewing the four corners of the complaint, any documents attached to the complaint or incorporated in it by reference, any documents that are "integral" to the plaintiff's allegation, and facts of which the court may take

3

judicial notice. *See, e.g., ATSI Commc'ns, Inc. v Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the pleader has an obligation to provide grounds for his entitlement to relief that require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court further clarified the appropriate pleading standard, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949. (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

Under this standard, Plaintiff's Section 1983 claim against Kroll must be dismissed. In order to establish a claim under Section 1983, "two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545 (2d Cir. 1994). There are no facts in the Complaint from which it can be reasonably inferred that Defendant Kroll was acting under color of state law. Plaintiff fails to plead any facts supporting an allegation that Kroll was a state actor or was acting in concert with any state actor. No state actor is named in the Complaint, nor does Plaintiff allege that Kroll was acting pursuant to any state or municipal law.

Instead, Plaintiff alleges that Defendants are liable because World Courier's drug and alcohol testing policy incorporates the mandates of the U.S. Department of Transportation and the Federal Motor Carrier Safety Administration requiring that certain employees in safety-sensitive positions be subject to random drug testing. *See* Orellana St. of Facts ¶ 15 ("[T]he US DOT and FMCSA were the 'moving force' behind the deprivation of Plaintiff's rights."). However, even if this Court were to liberally construe Plaintiff's allegations as giving rise to a *Bivens* claim that Kroll acted under color of federal law, it would likewise fail. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The United States Supreme Court has made clear that *Bivens* does not confer a right of action for damages against private entities acting under color of federal law. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). *See also Benjamin v. Brookhaven Science Associates LLC*, 387 F.Supp. 2d 146, 156-57 (E.D.N.Y. Aug. 24, 2005).

As Plaintiff has failed to plead any facts from which it can be reasonably inferred that Kroll was acting under color of state law, this Court need not consider whether the conduct complained of deprived Plaintiff of his constitutional rights.

## CONCLUSION

Plaintiff has moved to voluntarily withdraw his claims against Kroll brought pursuant to Title VII and 42 U.S.C. § 1981. For the reasons set forth above, I respectfully recommend that Defendant Kroll's Motion to Dismiss Plaintiff's remaining claim against Kroll brought pursuant to 42 U.S.C. § 1983 be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED.**

**Dated: Brooklyn, New York
June 1, 2010**

s/Andrew L. Carter, Jr.

**ANDREW L. CARTER, JR.
UNITED STATES MAGISTRATE JUDGE**