UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARIO E. ORELLANA,

                Plaintiff,

-against-

WORLD COURIER, INC., MICHAEL
CONNOLLY, KENNY CEDEL, MIKE
SINGH, KROLL, QUEST DIAGNOSTIC,
AARON C. POLK Jr., and WORKPLACE
COMPLIANCE,

                Defendants.
----------------------------------------------------------X

ORDER

09-CV-576 (NGG) (ALC)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Mario Orellana ("Orellana") brings this pro se action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("section 1981"), and 42 U.S.C. § 1983 ("section 1983") against his former employer, World Courier, Inc., and other Defendants who were involved in administering World Courier's drug and alcohol testing program. By Order dated December 18, 2009, the court referred Kroll Background America, Inc.'s ("Kroll") motion to dismiss, Quest Diagnostic's motion to dismiss, and Orellana's motions for default judgment against Workplace Compliance and Dr. Aaron C. Polk, Jr. to Magistrate Judge Andrew L. Carter for Report and Recommendation ("R&R") (Docket Entry # 44.) On June 1, 2010, Judge Carter issued his R&R in which he concludes that the court should dismiss Orellana's claims against Kroll.[1] (Report and Recommendation ("R&R") (Docket Entry # 60).)

---

[1] Orellana has since voluntarily withdrawn his claims against Quest Diagnostic. (Docket Entry # 45.) Judge Carter reserved decision on Orellana's motions for default judgment. (Docket Entry dated May 26, 2010.)

1

Orellana has submitted objections to Judge Carter's R&R. (Docket Entry # 62.) For the following reasons, the court adopts Judge Carter's R&R in its entirety.

I. **BACKGROUND**[2]

World Courier employed Orellana as a driver from 1987 until 2005. After Orellana was charged with a DUI in 2005, World Courier removed Orellana from his position as a driver and employed him as a package handler. He held that position until World Courier terminated him in April 2007, when he tested positive for marijuana. Orellana alleges that World Courier required him to undergo drug testing more often than other package handlers and discriminated against him based on his race, gender, and national origin. He claims that his selection for drug testing was not the result of a random procedure.

In his Complaint, Orellana names as defendants World Courier; Kroll, the third party administrator of World Courier's drug testing program; Quest Diagnostics, the entity which transported the specimen bottles and performed the laboratory processing work; and Workplace Compliance, the company responsible for reviewing the laboratory results. According to Orellana, he named Kroll as a defendant to gain access to documents relevant to his claims. At a conference before Judge Carter on April 7, 2010, Kroll represented that it had produced all responsive documents to Orellana. In light of that production, Orellana voluntarily dismissed his Title VII and section 1981 claims against Kroll. (See Orellana Ltr. dated Apr. 12, 2010 (Docket Entry # 57).) Accordingly, only Orellana's section 1983 claim remains pending against Kroll.

In his R&R, Judge Carter recommends that the court dismiss Orellana's section 1983 claim against Kroll because "Orellana has failed to plead any facts from which it can be reasonably inferred that Kroll was acting under color of state law." (R&R 5.) According to Judge Carter, Orellana did not "plead any facts supporting an allegation that Kroll was a state

---

[2] Background facts come from Judge Carter's R&R, with which the court presumes familiarity.

2

actor or was acting in concert with any state actor"; "[n]o state actor is named in the Complaint"; and Orellana does not "allege that Kroll was acting pursuant to any state or municipal law." (Id.)

Because Orellana claimed that <u>federal</u> agencies, "the US DOT and FMCSA[,] were the 'moving' force behind the deprivation of [his] rights," (Orellana Stmt. of Facts ¶ 15), Judge Carter also addressed whether Orellana's allegations could support a claim against Kroll under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Judge Carter found that they could not. Applying <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61 (2001), Judge Carter reasoned that "[t]he United States Supreme Court has made clear that <u>Bivens</u> does not confer a right of action for damages against private entities acting under color of federal law." (R&R 5.)

In his objections, Orellana argues that Kroll should be deemed a state actor for Fourth Amendment purposes because it tested him for drugs pursuant to mandatory federal regulations. (Objections 4-5.) Specifically, Orellana claims that:

> Kroll, as the Administrator of, and the service agent which conducted the 'random' facet of the World Courier . . . drug and alcohol testing program, subjected him to 'random' drug and alcohol testing pursuant to federal mandate from the US Department of Transportation and in compliance with public Law 102-143—Oct. 28, 1991 'Omnibus Transportation Employee Testing Act,' . . . 49 CFR Part 40 and 49 CFR Part 382, to which not all employees performing the same alleged 'safety-sensitive' functions were subjected, on behalf of or at the request of his employer [World Courier] and/or its officials/supervisors, in violation of [his] rights secured under the Fourth, Fifth, Ninth and Fourteenth Amendments to the US Constitution.

(Objections 1.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the court reviews <u>de novo</u> the portions of a Magistrate Judge's R&R to which the parties have objected. Portions of the R&R to which the parties have not objected are reviewed for clear error. See <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

3

## III. DISCUSSION

In his R&R, Judge Carter correctly concluded that Orellana cannot state a claim under section 1983. A cause of action under section 1983 requires two essential elements: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). As Judge Carter observed, Orellana did not plead any facts that could show that Kroll acted pursuant to a state law or acted in concert with a state actor. In his objections, Orellana does not challenge this finding. Accordingly, Orellana cannot state a claim against Kroll under section 1983.

Judge Carter also correctly concluded that Kroll cannot be liable under Bivens. To maintain a cause of action under Bivens, a plaintiff must "allege that a defendant acted under color of federal law to deprive [him or her] of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). In his objections, Orellana argues that Kroll should be considered a state actor under Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602 (1989), and Drake v. Delta Airlines, 147 F.3d 169 (2d Cir. 1998). (See Objections 4.) In Skinner, the Supreme Court held that "federal regulations requiring employees of private railroads to produce urine samples for chemical testing implicate the Fourth Amendment, as those tests invade reasonable expectations of privacy." Nat'l Treasury Emps. Union v. Von Raab, 489 U.S. 656, 665 (1989) (discussing Skinner). And in Drake, the Court of Appeals held that a private party may be liable under Bivens for a Fourth Amendment violation stemming from administration of a drug test under FAA regulations in a nonrandom manner. See Drake, 147 F.3d at 172 n.3. The court, however, need not reach the merits of a potential Bivens claim under these authorities.

Since the Court of Appeals issued its decision in Drake, the Supreme Court has held that Bivens does not provide a cause of action against private entities. Malesko, 534 U.S. at 66. The Court clarified that Bivens only provides a cause of action against individual federal officers. Id. at 70. Even if Orellana had pleaded a Bivens claim against Kroll, the claim would have to be dismissed for failure to state a claim; Kroll is a private entity.

## IV. CONCLUSION

The court has reviewed Magistrate Judge Carter's R&R and considered Plaintiff's objections de novo and finds his objections to be without merit. For the foregoing reasons, the court adopts Judge Carter's R&R in its entirety. Accordingly, Kroll's motion to dismiss is granted.

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5