```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MARIO E. ORELLANA,

                Plaintiff,
                                                                    09CV576 (NGG) (ALC)
        v.

                                                                    REPORT AND
                                                                    RECOMMENDATION


WORLD COURIER, INC., MICHAEL
CONNOLLY, KENNY CEDEL, MIKE
SINGH, KROLL, AARON C. POLK, JR.,
And WORKPLACE COMPLIANCE,

                Defendants.

----------------------------------------------------X
```

CARTER, UNITED STATES MAGISTRATE JUDGE:

The facts and circumstances surrounding this action are set forth in the Court's June 1, 2010 Report and Recommendation (the "Report") and familiarity therewith is assumed. Briefly, plaintiff Mario E. Orellana ("Plaintiff" or "Orellana") filed this *pro se* action against his former employer, World Courier, Inc., ("World Courier"), who terminated his employment after he repeatedly tested positive for marijuana use. Plaintiff claims that World Courier's "random" drug testing policy is discriminatory and violates 42 U.S.C. §§ 1981, 1983 ("Section 1981" and "Section 1983"), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Plaintiff also sues employees of World Courier, as well as other entities involved in the test-taking process, including Workplace Compliance ("WC") and Dr. Aaron Polk, Jr. ("Polk"). Polk was a physician at WC, the entity that was responsible for reviewing the results of the drug tests. (WC and Polk herein will hereinafter be referred to as "Defendants.")

1

On November 16, 2009, Orellana moved for a default judgment against Defendants and the motion was referred to the undersigned for a Report and Recommendation. Based on Plaintiff's submissions, and for the reasons stated below, the Court recommends denying Plaintiff's motion for default against Defendants.

DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure governs the issuance of default judgments. In relevant part, the rule permits the Court to enter a judgment against a defendant who fails to defend an action brought against it. However, because the issuance of a default judgment is considered an "extreme measure," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 90 (2d Cir. 1993), certain procedural prerequisites must be satisfied. First, pursuant to Rule 55(a), the Clerk of the Court must enter a notation of default if the failure to plead or defend is properly shown. If the plaintiff's claim is for a sum certain, the clerk must enter judgment against a defaulting defendant. In all other cases, the plaintiff must make the application to the Court. Fed. R. Civ. P. 55(a)-(b). If the defaulting party fails to appear or move to set aside the default pursuant to Rule 55(c), the Court may enter default judgment upon notice to the defendant and an opportunity to show cause why the judgment should not enter. See Bricklayers Ins. and Welfare Fund v. Precise Bank, No. 08CV4362 (CBA) (CLP), 2009 WL 4891821, at *3 (E.D.N.Y. Dec. 17, 2009); Robertson v. Doe, No. 05CV7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).

"The court is to exercise sound judicial discretion" in determining whether the entry of default judgment is appropriate. Baidan v. Brandaid Comm. Corp., No. 03CV2424 (DC), 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004). "In considering a motion for default judgment,

the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." Telequip Corp. v. Change Exch., 2004 WL 1739545 (N.D.N.Y. 2004).

*Defendant Polk*

There is no indication on the docket that Defendant Polk has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him. Indeed, Plaintiff notified the Court in a July 10, 2009 letter that he had not served Polk and would be unable to do so. (Docket No. 23.) Accordingly, Polk is not deemed in default and judgment to that effect cannot issue. See Llaviganay v. Cipriani 110 LLC, 09CV737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (inadequate proof of service bars entry of default judgment); Robertson, 2008 WL 2519894, at *3 (threshold showing that defaulting defendant had been given notice and an opportunity to show cause essential to entry of default). The motion for default as to Polk is therefore denied.

Moreover, because Federal Rule of Civil Procedure 4(m) requires service upon a defendant within 120 days of filing the Complaint and the Complaint was filed over 18 months ago, the Court recommends that Plaintiff be ordered to show cause why the action should not be dismissed as to Defendant Polk. See Fed. R. Civ. P. 4(m); see also Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007) (court must provide notice to plaintiff before a sua sponte dismissal of an un-served defendant).

3

*Defendant Workplace Compliance*

"Regardless of whether defendant files any response at all, entry of a default judgment is inappropriate where the plaintiff's complaint fails to set forth sufficient facts stating a legitimate cause of action." Thomas v. Dunkin Donuts, Inc., No. 07CV2864 (ARR) (RLM), 2008 WL 842431, at *3 (E.D.N.Y. Mar. 28, 2008) (citations omitted). It is for this reason that Plaintiff's motion as to Workplace Compliance also fails. To state a claim against WC under Section 1983 that is "plausible on its face," Bell Atlantic v. Twombly, 550 U.S. 544, 547 (2007), Plaintiff would have to allege facts sufficient to conclude that WC acted under color of state law or in concert with a state actor. Dorcely v. Wyandanch Union Free Sch. Dist., No. 06CV1265 (DRH) (AKT), 2007 WL 2815809, at *4 (E.D.N.Y. Sept. 25, 2007) (granting motion to dismiss teacher's union where complaint devoid of allegations that the union operated in concert with a state actor). In this case, Plaintiff merely claims that WC, a private company, was an "essential link" between him and his employer, which is insufficient as a matter of law. Ivey v. Kawasaki Rail Car, Inc., No. 05CV2207 (CPS), 2005 WL 3133765 at *3 (E.D.N.Y. Nov. 23, 2005) ("It is well settled that . . . a conclusory allegation that defendant, a private entity, was acting under color of state law, without supporting facts, does not suffice to state a claim under § 1983.") (collecting cases).

To state a claim pursuant to Section 1981, Plaintiff must allege "(1) that he is a member of a racial minority; (2) that defendant[] had an intent to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Mian v. Donaldson Lufkin & Jenrette Sec. Corp, 7 F.3d 1085, 1087 (2d Cir. 1993). Reference to Section 1981's enumerated activities reveals that the statute seeks to protect the rights of non-white citizens to make, enforce, modify, terminate, and enjoy the benefits and

privileges of contractual relationships, which can include an employment relationship. See 42 U.S.C. § 1981; Ofori-Tenkorang v. American Int'l Group, Inc., 460 F.3d 296, 300-301 (2d Cir. 2006). However, other than by his grouping together of all defendants in the action in a great number of allegations of the Complaint, Plaintiff does not allege any discriminatory action on the part of WC in relation to any contract rights. See Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994) ("[A] complaint consisting of nothing more than naked assertions . . . fails to state a claim.") (quoting Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978) (per curiam)). Therefore, Plaintiff has failed to state a Section 1981 claim against WC.

Finally, the Complaint fails to state a cause of action for employment discrimination against WC. It was World Courtier, and not Workplace Compliance, that previously employed Plaintiff and the Complaint makes no statements to the contrary. See 42 U.S.C. §§ 2000e, 2000e-2; Daniels v. Dep't of Motor Vehicles, 126 Fed. Appx. 44 (2d Cir. 2005) (affirming dismissal of Title VII complaint where, inter alia, plaintiff did not allege employment by the defendant).

CONCLUSION

For the foregoing reasons, the Court recommends denying Plaintiff's motion for default judgment against WC and Polk, and recommends ordering Plaintiff to show cause why Polk should not be dismissed pursuant to Rule 4(m).  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation.  Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.


SO ORDERED.


DATED:  August  24, 2010 _____/s_____
       Brooklyn, New York        Andrew L. Carter, U.S.M.J.