UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIO E. ORELLANA,

                                Plaintiff,

                      -against-

WORLD COURIER, INC., MICHAEL
CONNOLLY, KENNY CEDEL, MIKE
SINGH, KROLL, QUEST DIAGNOSTIC,
AARON C. POLK Jr., and WORKPLACE
COMPLIANCE,

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

09-CV-576 (NGG) (ALC)

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Mario Orellana ("Orellana") brings this action asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and 42 U.S.C. § 1983 ("Section 1983") against his former employer, World Courier, Inc. ("World Courier"), and other Defendants who were involved in administering World Courier's drug and alcohol testing program. (Complaint (Docket Entry #1) ¶1.) By Order dated December 18, 2009, the court referred Orellana's Motions for Default Judgment against Workplace Compliance ("WC") and Dr. Aaron C. Polk, Jr. ("Polk") to Magistrate Judge Andrew L. Carter for a Report and Recommendation. (Docket Entry # 44.) On August 24, 2010, Judge Carter issued a Report and Recommendation, recommending that this court deny Orellana's motions for default judgment against WC and Polk. ("R&R" (Docket Entry # 71).) In response, Orellana moved to withdraw all claims against Polk without prejudice. (Plaintiff's Response to Magistrate Judge Carter's Order to Show Cause ("Plaintiff's Response") (Docket Entry # 73).) Plaintiff's Response does not specifically object to any of the findings in Judge Carter's R&R,

1

stating only that Plaintiff "will proceed against Workplace [Compliance]." Id. The court now grants Plaintiff's motion to withdraw all claims against Polk without prejudice and, consequently, need not consider Plaintiff's Motion for Default Judgment against Polk. For the following reasons the court adopts Judge Carter's R&R in its entirety.

I. BACKGROUND[1]

Orellana, a former package handler, brought this suit against his former employer, World Courier, which terminated his employment after he repeatedly tested positive for marijuana use. (R&R at 1.) Orellana alleges that World Courier required him to undergo drug testing more often than other package handlers, discriminating against him based on his race, gender, and national origin in violation of 42 U.S.C. §§ 1981, 1983, and Title VII. (R&R at 1.) World Courier hired WC to review drug test results of World Courier employees. (R&R at 1.) Plaintiff alleges that Defendants, who are private parties, acted under color of state law or in concert with a state actor by complying with the drug testing requirements imposed by the United States Department of Transportation ("DOT") and the Federal Motor Carriers Safety Administration ("FMCSA"). (Complaint ¶15.)

Judge Carter's R&R recommends that the court deny Plaintiff's motion for default against WC. (R&R at 6.) Judge Carter concluded that Plaintiff's motion for default judgment against WC should be denied because Plaintiff's complaint, taken as true, fails to state a claim against WC upon which relief can be granted. (R&R at 4.) First, Judge Carter concluded that Plaintiff's Section 1983 claim fails because Plaintiff has not alleged sufficient facts that WC acted under color of state law or in concert with a state actor to plausibly allege a Section 1983 claim. (R&R at 4.) Second, Judge Carter concluded that Plaintiff's Section 1981 claim fails

---

[1] The background facts come from Judge Carter's August 24, 2010, R&R, and this court assumes familiarity therewith. This court will briefly outline the facts at issue in this motion for default judgment.

2

because Plaintiff has not alleged that WC took any discriminatory action against, or had discriminatory intent towards, Plaintiff. (R&R at 4-5.) Finally, Judge Carter concluded that Plaintiff's Title VII employment discrimination claim fails because Plaintiff has not alleged that he was employed by WC. (R&R at 5.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the court reviews de novo the portions of a Magistrate Judge's Report and Recommendation to which the parties have objected. Portions of the Report and Recommendation to which the parties have not objected are reviewed for clear error. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). Because it is unclear what, if any, objections Plaintiff's Response raises, out of caution, this court will review all of Judge Carter's findings de novo.

## III. DISCUSSION

As Judge Carter correctly stated in his R&R, the decision to grant a motion for entry of a default judgment lies in the sound discretion of the trial court. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A court should deny a motion for entry of a default judgment if the facts a plaintiff alleges in his complaint, taken to be true, fail to state a valid cause of action upon which the relief sought can be granted. See Thomas v. Dunkin Donuts, Inc., 07-CV-2864 (ARR), 2008 WL 842431, at *3 (E.D.N.Y. Mar. 28, 2008).

Judge Carter correctly concluded that Plaintiff has not stated a claim under Section 1983. To state a claim against WC under Section 1983, Plaintiff must establish that WC acted under color of state law or in concert with a state actor. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). As Judge Carter observed, Plaintiff's Complaint provides no factual support for the finding that WC acted under the color of state law. Plaintiff alleges that WC, a

private company, complied with federal, not state, regulations. Plaintiff has not alleged any state action. Thus, Plaintiff has not stated a plausible Section 1983 claim.

While Plaintiff's Complaint did not explicitly allege that WC could be liable under Bivens, even if this court construes the Complaint liberally to assert such a claim, it has failed to state a valid claim for relief under Bivens. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). To maintain a Bivens action, a plaintiff must "allege that a defendant acted under color of federal law to deprive [him or her] of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). Bivens only provides a cause of action against individual federal officers, not private entities. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-71 (2001). Since it is indisputable that WC is a private entity, Plaintiff cannot state a Bivens claim.

Judge Carter also correctly concluded in his R&R that Plaintiff cannot state a claim against WC under Section 1981. To state a claim under Section 1981 Plaintiff must allege "facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)". Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d. Cir. 1993). Plaintiff has only asserted that WC was "an essential link between the employer and the employee," in so far as WC was required to notify employees of the failed test results before notifying the corporation. (Plaintiff Pro-Se's Motion for Default Judgment (Document # 43) at 2.) As Judge Carter concluded, Plaintiff has pleaded no facts that permit a finding that WC took any discriminatory action, or had the intent to discriminate, against Plaintiff. Thus, Plaintiff has not pleaded facts sufficient to state a claim under Section 1981.

Judge Carter, in his R&R, correctly found that Plaintiff cannot state a claim against WC for employment discrimination under Title VII. Title VII prohibits discrimination by an <u>employer</u> on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It follows that "the existence of an employer-employee relationship is a primary element of Title VII claims." <u>Gulino v. New York State Educ. Dept.</u>, 460 F.3d 361, 370 (2d Cir. 2006). World Courier, not WC, was Plaintiff's employer. Plaintiff has not pleaded, nor could he have pleaded, facts sufficient to establish that WC acted in the capacity of Plaintiff's employer. Consequently, Plaintiff has not pleaded facts upon which a Title VII claim against WC can be maintained.

## IV. CONCLUSION

The court has reviewed Magistrate Judge Carter's R&R <u>de novo</u>, considered Plaintiff's objections, and finds his objections to be without merit. For the foregoing reasons, the court adopts Judge Carter's R&R in its entirety. Accordingly, Plaintiff's motion for default judgment against WC is DENIED. Plaintiff's voluntary motion to withdraw all claims against Polk without prejudice is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 2*f* 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

5